IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| AMANDA FENDLEY, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 3:11-CV-113-CDL-MSH |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |
| _____ | | |

**REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for Supplemental Security Income, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d

1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the claimant is working.  *Id.*  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## ISSUES

I.   Whether the ALJ erred in asking an incomplete hypothetical question to the vocational expert.

II.  Whether the Appeals Council erred in denying review of additional evidence presented by Claimant.

III. Whether the ALJ erred in assessing Claimant's residual functional

**capacity.**

**IV. Whether the ALJ erred in evaluating the opinions of one of Claimant's treating physicians.**

**V. Whether the ALJ erred in failing to determine if Claimant met Listing 12.10.**

## Administrative Proceedings

Claimant applied for Supplemental Security Income on February 7, 2007, alleging disability as of her birth on April 9, 1988, due to developmental delays. (Tr. 138; ECF No. 11.) Claimant's application was denied, and Claimant timely requested a hearing before an Administrative Law Judge (AALJ@. The Claimant appeared before an ALJ for a video hearing on June 17, 2009, and following the hearing, the ALJ issued an unfavorable decision on August 7, 2009. (Tr. 18-26.) The Appeals Council ultimately denied Claimant's Request for Review on June 23, 2011. (Tr. 1-3.) This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date. (Tr. 20.) The ALJ found that Claimant had borderline intellectual functioning and asthma, which were determined to be severe. (*Id.*) The ALJ then determined that Claimant's severe impairments did not meet or medically equal, either individually or any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ next found that Claimant had the residual functional capacity (RFC) to perform a full range of work at all exertional levels with the

non-exertional limitations of only being able to remember simple instructions and she is only able to perform one or two step repetitive tasks on a sustained basis. (Tr. 22.) The ALJ determined that Claimant did not have any past relevant work, but that there were jobs that existed in significant numbers in the national economy that she could perform. (*Id.* at 25.) Thus, the ALJ concluded that Claimant was not disabled.

## DISCUSSION

In one of her issues, Claimant argues that the ALJ erred in asking an incomplete question of the Vocational Expert ("VE"). (Cl.'s Br. 21, ECF No. 11.) Specifically, Claimant contends that because her residual functional capacity ("RFC") included a limitation as to repetitive tasks, the ALJ was required to include that limitation in the hypothetical question he asked the VE. The Court agrees.

As noted above, at step five of the sequential analysis where it is determined that a claimant cannot perform past relevant work, the ALJ, who bears the burden at this step, must decide whether a claimant's RFC allows her to perform other work which exists in the national economy. 20 C.F.R. § 416.920(g). Where applicable, the ALJ may either apply the Medical-Vocational Guidelines ("GRIDS") or obtain the testimony of a VE. *Phillips,* 357 F.3d at 1239, 40. "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir.2002) (citation omitted). The ALJ is not required to include in the question claims of impairment that he has found to be unsupported. *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1161 (11th Cir.2004).

A review of the record of the VE testimony shows clearly that the ALJ failed to pose a complete hypothetical question to the VE. The ALJ included in his RFC a determination that Claimant could only perform "repetitive" tasks. However, as Claimant correctly asserts in her brief, the ALJ did not include the "repetitive" limitation in his question to the VE. (Cl.'s Br. 17.) The hypothetical is therefore incomplete and the Commissioner did not carry his burden at step five to prove the availability of jobs in the national economy which Claimant can perform within the RFC assigned her. This case should consequently be remanded pursuant to sentence four.

## II.     Other Issues

Having found that the Commissioner erred as to the issue analyzed above, the Court finds no need to address the remaining claims. However, on remand, the ALJ is directed to address each of the claims raised by Claimant.

## CONCLUSION

WHEREFORE, for the foregoing reasons it is RECOMMENDED that this case be REMANDED to the Commissioner, pursuant to sentence four, for further proceedings consistent with this order. Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this the 15th day of August, 2012.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE